IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL ACTION NO. |
| ) | 3:08cr209-MHT |
| CARLOS L. BROOKS ) | (WO) |

OPINION AND ORDER

This cause is before the court on defendant Carlos L. Brooks's motion to continue.  For the reasons set forth below, the court finds that jury selection and trial, now set for April 12, 2010, should be continued pursuant to 18 U.S.C. § 3161(h)(7).

While the granting of a continuance is left to the sound discretion of the trial judge, United States v. Stitzer, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161.  The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making

> public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

18 U.S.C. § 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court shall consider, among other factors, whether the failure to grant the continuance would "result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Brooks in a speedy trial.

2

Brooks represents through counsel that, by his motion and an order of this court, he has undergone a psychiatric examination at the Fort Worth Medical Facility. The doctor who conducted that examination filed a report with this court on January 22, 2010. After consulting with an expert, Brooks now believes that there may be grounds to refute the findings in that report. Brooks states, however, that he is unable to undergo an adequate forensic examination prior to April of 2010. He thus requests a continuance of his trial date and any related deadlines.

Accordingly, it is ORDERED as follows:

(1) Defendant Carlos L. Brooks's motion for continuance (doc. no. 89) is granted.

(2) The jury selection and trial are reset for August 16, 2010, at 10:00 a.m. at the Federal Courthouse in Opelika, Alabama.

DONE, this the 17th day of February, 2010.

                /s/ Myron H. Thompson
                **UNITED STATES DISTRICT JUDGE**