IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 3:08cr209-MHT |
| CARLOS L. BROOKS | ) | (WO) |

OPINION AND ORDER

This case is before the court on the government's motion to continue. For the reasons set forth below, the court finds that jury selection and trial for defendant Carlos L. Brooks, currently set for August 16, 2010, should be continued.


A.

While the granting of a continuance is left to the sound discretion of the trial judge, United States v. Stitzer, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161.  The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

18 U.S.C. § 3161(c)(1).  The Act excludes from the 70-day period any continuance "resulting from the absence or unavailability of the defendant or an essential witness." 18 U.S.C. § 3161(h)(3)(A).  In considering the government's motion, "an essential witness shall be considered unavailable whenever his whereabouts are known but his presence for trial cannot be obtained by due diligence or he resists appearing at or being returned for trial."  18 U.S.C. § 3161(h)(3)(B).  The Act does not define 'essential witness,' however, "the Senate Judiciary Committee report accompanying the bill that became the Speedy Trial Act  explained that an 'essential witness' is a 'witness so essential to the proceeding

that continuation without the witness would either be impossible or would likely result in a miscarriage of justice.'" United States v. Miles, 290 F.3d 1341, 1350 (11th Cir. 2002) (quoting S. Rep. No. 93-1021, at 37 (1984), reprinted in 1984 U.S.C.C.A.N. 7401)).  After a hearing with both parties on the record, the court concludes that the government's witness is essential to a fair trial and currently unavailable, so that a continuance is justified while the government procures the witness for trial

On August 8, 2010, Brookss' attorney presented a Notice of Intent to Present an Insanity Defense, as required under Fed. R. Crim. P. 12.2(a).  Brooks was previously evaluated by Dr. Robert Johnson, Ph.D., a licensed psychologist with the Federal Bureau of Prisons, and the government states that "Dr. Johnson's testimony is critical to answer Defendant Brooks' insanity defense."  Gov.'t Mot. at 2.  However, Dr. Johnson is currently serving with the Armed Forces in Iraq, and the

government requires additional time to ensure that Dr. Johnson is available for trial. The defense does not object to the motion to continue.

In sum, as the doctor is already familiar with Brooks's case, and as the matter of insanity is central to Brooks's defense, the court finds it does not prejudice Brooks to continue the case to allow the government time to locate Dr. Johnson and bring him back to the United States to testify.

B.

The Act also excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). For the reasons given above, the court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Brooks in a speedy trial.

***

Accordingly, it is ORDERED as follows:

    (1) The government's motion for continuance (doc. no. 108) is granted.

    (2) The jury selection and trial for defendant Carlos L. Brooks, now set for August 16, 2010, are continued to November 15, 2010, at the Federal Courthouse in Opelika, Alabama.

    DONE, this the 10th day of August, 2010.

                                  /s/ Myron H. Thompson
                              UNITED STATES DISTRICT JUDGE