```
      IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

         MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION


UNITED STATES OF AMERICA    )
                            )   CRIMINAL ACTION NO.
    v.                      )      3:08cr209-MHT
                            )          (WO)
CARLOS L. BROOKS            )
```

## OPINION AND ORDER

This criminal case is before the court on the issue whether defendant Carlos L. Brooks should be released from federal custody after a jury found him "not guilty only by reason of insanity." 18 U.S.C. § 4242(b)(3). The court finds that he should not be released.

### I.  BACKGROUND

Brooks was charged with knowing possession of a firearm after having previously been convicted of a felony. See 18 U.S.C. § 922(g)(1). At the request of defense counsel, two competency hearings were held to determine whether Brooks was competent to stand trial. In both instances, the court found him competent. United

States v. Brooks, 2010 WL 2267030 (M.D. Ala. June 7, 2010); United States v. Brooks, 2010 WL _____ (M.D. Ala. Dec. 14, 2010).  The defendant then went to trial, and a jury found him not guilty only by reason of insanity.  Brooks was returned to federal custody after his trial and was examined by Karl Kirkland, Ph.D., a licensed psychiatrist, to determine whether, in light of the jury's verdict, he should be released from custody.

## II.  DISCUSSION

### A.

A statutory scheme governs how a court should proceed when a defendant is adjudicated not guilty only by reason of insanity.  The defendant must be "committed to a suitable facility," 18 U.S.C. 4243(a), until the court holds a hearing and makes a determination as to whether he is dangerous or not.  18 U.S.C. 4243((c) & (e).  This hearing is often called a "dangerousness hearing." United States v. Wattleton, 296 F.3d 1184, 1192 (11th

2

Cir. 2002) ("At the § 4243 hearing, which is commonly referred to as the 'dangerousness hearing,' the court addresses whether the insanity acquittee is eligible for release.").

The defense bears the burden of proving that the defendant's "release would not create a substantial risk of bodily injury to another person or serious damage of property of another due to a present mental disease or defect." 18 U.S.C. § 4243(d). The defendant's burden of proof is by "clear and convincing evidence" if the insanity verdict was based on "an offense involving bodily injury to, or serious damage to the property of, another person, or involving a substantial risk of such injury or damage." Id. "With respect to any other offense, the ... burden of such proof [is] by a preponderance of the evidence." Id.

Prior to the hearing, the court must order "that a psychiatric or psychological examination of the defendant

be conducted" and that a report of that examination be filed with the court.  18 U.S.C. § 4243(b).

If the court finds that the defense has met its burden of proving that the defendant's release is appropriate, the defendant may be released.  If, however, the court finds that the defense has failed to meet its burden, the defendant must be committed to the custody of the United States Attorney General.  18 U.S.C. § 4243(e).  The Attorney General "shall make all reasonable efforts to cause [the State of domicile] to assume ... responsibility" for the "custody, care, and treatment" of the defendant.  Id.  If the State will not assume such responsibility, the Attorney General shall hospitalize the defendant in a suitable facility until the State will assume responsibility or until his "mental condition is such that his release, or his conditional release under a prescribed regimen of medical, psychiatric, or psychological care or treatment, would not create a substantial risk of bodily injury to another person or

serious damage to property of another, whichever is earlier." Id.

The statutory scheme further provides that the court may order the "discharge" or "conditional release" of the defendant if the director of the facility where the defendant is housed certifies that the defendant "has recovered from his mental disease or defect to such an extent that his release, or his conditional release under a prescribed regimen of medical, psychiatric, or psychological care or treatment, would no longer create a substantial risk of bodily injury to another person or serious damage to property of another."  18 U.S.C. 4243(f).

B.

Counsel for both the government and Brooks agreed that the standard of proof for Brooks, in proving that he should be released in this case, was a preponderance of the evidence rather than clear and convincing evidence.

Pursuant to 18 U.S.C. § 4243(b), Dr. Kirkland examined Brooks and filed a report with the court prior to the dangerousness hearing. Dr. Kirkland's report concludes that Brooks suffers from "a serious and disabling mental illness" and that his "mental illness is significant, chronic, and severe." Kirkland Rep. at 5 (Doc. No. 165). The report then states that "it is <u>not</u> recommended that Mr. Brooks be released to the community." Id. (emphasis added). And at the dangerousness hearing, Dr. Kirkland orally restated his written recommendation that Brooks not be released from federal custody.

To support his conclusion and recommendation, Dr. Kirkland's report contains the following observations:

> "Mr. Brooks was able to give a reasonably complete history. He was able to describe his criminal history and his original sentence in this matter. He was able to give this examiner a comprehensive history regarding educational, social, and other variables. ... Carlos Brooks was alert, cooperative, coherent, and well oriented

6

> at the time of this evaluation. He was
> diagnosed with PTSD and psychosis."

Kirkland Rep. at 4 (Doc. No. 165). Dr. Kirkland's report continues that: "Mr. Brooks continues to report auditory hallucinations. He reports command hallucinations telling him to do things like 'run' or saying things like 'people want to kill you.'" Id.

Finally, the report states that: "While the history obtained reveals that Mr. Brooks does not have a history of violent acting out toward others, it is felt that given the relative instability of his current situation that ... he is not ready to live independently at this time. Ideally he should be placed in a treatment facility or residential group home as a precursor to being in unsupervised independent living." Id.

While, as stated, Dr. Kirkland recommends that Brooks not be released, the court is troubled by the observations made in support of that recommendation. Nothing in Dr. Kirkland's report suggests that Brooks is currently dangerous to others, that is, that his "release

7

would ... create a substantial risk of bodily injury to another person or serious damage of property of another due to a present mental disease or defect." 18 U.S.C. § 4243(d).  While, as stated by Dr. Kirkland, Brooks's current situation may not be "stable" and while he may not "be ready to live independently," these observations do not lead to the conclusion that he is a danger to others.  In other words, there is an absence of evidence of dangerousness in Dr. Kirkland's report.

But the statutorily imposed burden on Brooks is to show, affirmatively, by a preponderance of the evidence that he is not dangerous to others.  Thus, while Dr. Kirkland's report lacks any evidence of dangerousness, it also lacks any evidence that Brooks is not dangerous, and without that evidence of non-dangerousness this court cannot say that Brooks has met his burden of proof.  Indeed, counsel for both the government and Brooks admitted at the dangerousness hearing that the report is lacking such evidence.

Therefore, based on all of the evidence received, the court finds and holds that Brooks has not met his burden of proving by a preponderance of the evidence that his "release would not create a substantial risk of bodily injury to another person or serious damage of property of another due to a present mental disease or defect." 18 U.S.C. § 4243(d).

***

It is, therefore, the ORDER, JUDGMENT, and DECREE of the court that defendant Carlos L. Brooks is committed to the custody of the Attorney General of the United States for further action in accordance with the provisions of 18 U.S.C. § 4243(e) & (f).  Counsel for defendant Brooks is reminded of his responsibility, as long as Brooks remains in the custody of the Attorney General, to monitor, among other things, if and when Brooks may be entitled to "discharge" or "conditional release" pursuant to 18 U.S.C. § 4243(f).

DONE, this the 16th day of December, 2010.

                                 /s/ Myron H. Thompson
                            UNITED STATES DISTRICT JUDGE