IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 3:08cr209-MHT |
| | ) | (WO) |
| CARLOS L. BROOKS | ) | |

OPINION AND ORDER

The court has previously held that, despite having
been found "not guilty only by reason of insanity," 18
U.S.C. § 4242(b)(3), defendant Carlos L. Brooks should
not be released from custody.  United States v. Brooks,
2010 WL 6570902 (M.D. Ala. Dec. 16, 2010).  The issue
currently before the court is whether Brooks should be
released now that the director of the facility where he
is being housed has certified that "Brooks ... has
recovered from his mental disease or defect to such an
extent that his release would no longer create a
substantial risk of bodily injury to another person or
serious damage to the property of another."  Psych. Rep.
at 2 (Doc. No. 182).  The court holds that he should be

released immediately, albeit with a hearing to follow on whether his release should be conditional.

## I.  BACKGROUND

On November 19, 2008, Brooks was charged with knowing possession of a firearm after having previously been convicted of a felony.   See 18 U.S.C. § 922(g)(1). Following two competency hearings where the court found him competent, United States v. Brooks, 2010 WL 2267030 (M.D. Ala. June 7, 2010); United States v. Brooks, 2010 WL 5169074 (M.D. Ala. Dec. 14, 2010), Brooks went to trial on November 15, 2010, and a jury found him not guilty only by reason of insanity.  Later, based on the evidence presented at a "dangerous hearing" and pursuant 18 U.S.C. § 4243(e) and (f), the court committed Brooks to the custody of the Attorney General.  United States v. Brooks, 2010 WL 6570902 (M.D. Ala. Dec. 16, 2010). Brooks has been housed at the Federal Medical Center in Rochester, Minnesota since March 29, 2011.

On June 6, 2011, the Director at the Federal Medical Center filed a certification with the court that "Brooks ... has recovered from his mental disease or defect to such an extent that his release would no longer create a substantial risk of bodily injury to another person or serious damage to the property of another."  Psych. Rep. at 2 (Doc. No. 182).

## II.   DISCUSSION

### A.

As this court has previously explained, "A statutory scheme governs how a court should proceed when a defendant is adjudicated not guilty only by reason of insanity."  United States v. Brooks, 2010 WL 6570902 (M.D. Ala. Dec. 16, 2010).  The defendant must be "committed to a suitable facility," 18 U.S.C. 4243(a), until the court holds a hearing and makes a determination as to whether he is dangerous.  18 U.S.C. 4243(c) & (e).  This hearing is often called a "dangerousness hearing."

United States v. Wattleton, 296 F.3d 1184, 1192 (11th

Cir. 2002) ("At the § 4243 hearing, which is commonly

referred to as the 'dangerousness hearing,' the court

addresses whether the insanity acquittee is eligible for

release.").  The defendant bears the burden of proving

that his "release would not create a substantial risk of

bodily injury to another person or serious damage of

property of another due to a present mental disease or

defect."  18 U.S.C. § 4243(d).  If the court finds that

the defense has met its burden of proving that the

defendant's release is appropriate, the defendant may be

released; if, however,  the court finds that the defense

has failed to meet its burden, the defendant must be

committed to the custody of the United States Attorney

General.  18 U.S.C. § 4243(e).

The statutory scheme further provides that the

director of the facility where the defendant is

hospitalized must certify to the court when the defendant

"has recovered from his mental disease or defect to such

4

an extent that his release, or his conditional release under a prescribed regimen of medical, psychiatric, or psychological care or treatment, would no longer create a substantial risk of bodily injury to another person or serious damage to property of another."   18 U.S.C. § 4243(f).   Upon the filing of such a certificate, the court must "order the discharge of the acquitted person or, on the motion of the attorney for the Government or on its own motion, ... hold a hearing ... to determine whether he should be released."   18 U.S.C. § 4243(f). If, following the hearing, the court should find that the defendant has recovered from his mental disease or defect, the court shall order either his immediate discharge, 18 U.S.C. § 4243(f)(1), or his conditional release, 18 U.S.C. § 4243(f)(2).

### B.

As stated, the issue before the court is whether the Federal Medical Center Director's certification (that

Brooks "has recovered from his mental disease or defect to such an extent that his release would no longer create a substantial risk of bodily injury to another person or serious damage to the property of another," Psych. Rep. at 2 (Doc. No. 182)) now warrants Brooks's release.

This certification requires the court, as detailed above, to discharge Brooks or have a hearing concerning his discharge.  On a conference call held June 20, 2011, the government did not object to Brooks's discharge.

The court is, however, concerned that two special conditions may need to be placed on Brooks's release. The first may be necessary to help assure that he remains mentally stable.  Notably, Brooks continued to take the antipsychotic medication risperidone for auditory hallucinations at the time of the report.  Brooks "indicated the antipsychotic medications he was taking were responsible for resolving the auditory hallucinations and nightmares he had been having prior to his hospitalization."  Psych. Rep. at 4 (Doc. No. 182).

These included "command hallucinations telling him to do things like 'run' or saying things like 'people want to kill you.'"   Kirkland Rep. at 4 (Doc. No. 165). Furthermore, prior to the medications, he heard a voice in his head "all the time," and "the voice [told] him to do certain things."  Id. at 2.  In addition, Brooks was prescribed mirtazapine as an anti-depressant and benztropine for side effect management at the time of the report.  Psych. Rep. at 4.

Second, the director's report has recommended that Brooks participate in substance-abuse treatment, because he "continued to meet criteria for alcohol, cannabis, and opioid dependence and cocaine abuse," and because he had used those substances while in state prison.  Id. at 5.

The court will therefore order Brooks's immediate release, but with the court to hold a hearing upon his release as to whether any conditions might be appropriate, both as a matter of law and fact.

\*\*\*

It is, therefore, the ORDER, JUDGMENT, and DECREE of the court that, pursuant to 18 U.S.C. § 4243(f), the Attorney General of the United States is to provide for the release of defendant Carlos L. Brooks, subject to a later determination by the court as to whether defendant Brooks's release should be conditional.  In other words, defendant Brooks's release is not a final or unconditional discharge,

It is further ORDERED that the U.S. Marshal or his representative shall transport defendant Brooks forthwith from the Federal Medical Center in Rochester, Minnesota back to the Middle District of Alabama for immediate release.  The Marshal shall also ensure that defendant Brooks has an adequate supply of his required medication before leaving the Federal Medical Center and that he takes this medication, as prescribed, at all times while in custody, including during transport from the Federal Medical Center back to the Middle District of Alabama.

It is further ORDERED that a hearing on whether defendant Brooks's release should be subject to conditions is set for 8:00 a.m. on July 20, 2011, in the Frank M. Johnson, Jr. United States Courthouse Complex, Courtroom 2FMJ, One Church Street, Montgomery, Alabama. Defendant Brooks is to be present at the hearing.

DONE, this the 28th day of June, 2011.


　　　　　　　　　　　　　　 /s/ Myron H. Thompson
　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE